

Court Of Appeals
Fourth Court of Appeals District of Texas
San Antonio

# MEMORANDUM OPINION

No. 04-08-00557-CV

**THE OFFICE OF THE ATTORNEY GENERAL**,
Appellant

v.

Donald Eugene **CARTER**,
Appellee

From the 224th Judicial District Court, Bexar County, Texas
Trial Court No. 1993-EM-500955
Honorable Joe Frazier Brown, Jr., Judge Presiding

Opinion by:    Karen Angelini, Justice

Sitting:    Karen Angelini, Justice
            Sandee Bryan Marion, Justice
            Phylis J. Speedlin, Justice

Delivered and Filed:   July 8, 2009

REVERSED AND REMANDED

In November 2007, the trial court signed an order affirming a child support arrearage in the amount of $28,504 and ordering garnishment of Donald Carter's wages in the amount of $200 per month in satisfaction of the arrearage. Carter filed a Motion for New Trial and a Motion to Recover Child Support Payments Made in Excess of Child Support. The trial court heard Carter's motion for new trial on January 28, 2008. The Attorney General's Office ("the AG") was not represented

at the hearing, following which the trial court signed an Order of Default, ordering that the "child support arrearage be terminated" and that Carter "recover payments made in excess of $200." This restricted appeal by the AG ensued. We reverse and remand.

## DISCUSSION

A restricted appeal (1) must be brought within six months of the date of judgment; (2) by a party to the suit who did not participate in the trial; and (3) the error complained of must be apparent from the face of the record. TEX. R. APP. P. 26.1(c); *Norman Commc's v. Tex. Eastman Co.,* 955 S.W.2d 269, 270 (Tex. 1997) (per curiam). The only issue in this appeal is whether there is error apparent on the face of the record. In its first issue on appeal, the AG asserts the trial court's judgment must be reversed because no reporter's record was made of the hearing that led to the default judgment. We agree.

Texas Family Code section 105.003 places an affirmative duty on the trial court to ensure that the court reporter makes a record of proceedings involving parent-child relationships. *See* TEX. FAM. CODE ANN. § 105.003(c) (Vernon 2008); *Stubbs v. Stubbs*, 685 S.W.2d 643, 645-46 (Tex. 1985) (interpreting predecessor to section 105.003); *Garza v. Garza*, 217 S.W.3d 538, 556 n.2 (Tex. App.—San Antonio 2006, no pet.). Unless waived by the parties with the trial court's permission, the failure to make such a record amounts to reversible error. *See* TEX. FAM. CODE ANN. § 105.003(c); *Stubbs*, 685 S.W.2d at 646. Here, a record was not made of the hearing on Carter's motion for new trial or his motion to stay, and nothing in the record indicates the parties waived the record. Accordingly, reversible error is apparent from the face of the record before this court.

## CONCLUSION

We reverse the trial court's judgment and remand the cause for further proceedings. Because our resolution of the AG's first issue is dispositive, we do not address the AG's remaining issues on appeal. *See* TEX. R. APP. P. 47.1.

Karen Angelini, Justice